FERNÁNDEZ *v.* MARQUEZ & CA. ET AL.

CASACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 27.—Resuelto en Febrero 26, 1903.

ANOTACIÓN PREVENTIVA DE UN EMBARGO.—La anotación preventiva de un embargo, acordada por providencia judicial y dirigido únicamente á garantir las consecuencias del juicio, no crea ni declara derecho alguno, no altera tampoco la naturaleza de las obligaciones, ni puede convertir en real é hipotecaria la acción que carezca de este carácter, no produciendo otros efectos que los de dar preferencia al acreedor que la obtenga, solo en cuanto á los bienes anotados, sobre los que tengan contra el mismo deudor otros créditos contraidos con posterioridad á dicha anotación.

ID.—La anotación preventiva de un embargo en el Registro de la Propiedad, tomada á instancias de un acreedor, no puede perjudicar el derecho de propiedad adquirido por un tercero con anterioridad á la anotación de dicho embargo, aunque tal derecho de propiedad no se haya inscrito antes de tomarse dicha anotación.

EXPOSICIÓN DEL CASO.

*Resultando:* que por escritura pública de 31 de Diciembre de 1896, los esposos Don Juan Antonio Rodriguez y Velez y Doña Monserrate Pérez y Tavarez, vendieron á Don Emilio Gomez y Martinez tres porciones de terreno; una de seis, otra, de diez, y otra, de seis, constituyendo una finca de una extensión de veinte y dos cuerdas más ó menos, situada en el barrio de Annones, término municipal de Las Marías, que

No. 27.—Decided February 26, 1903.

### STATEMENT OF THE CASE.

By deed of sale executed December 31, 1896, Juan Antonio Rodriguez Velez and his wife Monserrate Pérez y Tavarez, conveyed to Emilio Gomez y Martinez three parcels of land, measuring respectively, six, ten and six *cuerdas*, and forming together a farm of about twenty-two *cuerdas*, situated in *barrio* "Anones", municipality of Las Marias, same being recorded in the Registry of Property on April 4, 1899. By deed of December 6, 1900, said farm was sold by Gomez

se inscribió en el Registro de la Propiedad el 4 de Abril de 1899.

*Resultando:* que por escritura pública de 6 de Diciembre de 1900, Don Emilio Gomez vendió la finca á que se refiere el hecho anterior, á Don José Antonio Fernández y Perez, quien la inscribió en el Registro de la Propiedad en 13 de Agosto de 1901.

*Resultando:* Que Don Juan Antonio Rodriguez y Velez suscribió en 9 de Marzo de 1897 un pagaré á favor de la sociedad mercantil "Marquez & Ca." confesando adeudarle la suma de seiscientos sesenta y ocho pesos, treinta y seis centavos y comprometiéndose á devolver dicha cantidad el 30 de Diciembre del año del otorgamiento.

*Resultando:* que incumplido el compromiso, los Sres. Marquez & Ca. siguieron ejecución contra el Rodriguez, y en 6 de Marzo de 1899 le embargaron dos porciones de terreno; una de diez cuerdas y otra de seis, de las tres que constituían la finca que vendió á Don Emilio Gomez, y que luego vendió éste á Don José Antonio Fernández y Pérez,

*Resultando:* que la sociedad "Marquez & Ca." anotó su embargo en el Registro de la Propiedad en 24 de Marzo de 1899, cuando todavía estaba la finca inscrita á nombre de su deudor Don Juan Antonio Rodriguez y Velez.

*Resultando:* que Don José Antonio Fernández y Perez entabló, en 20 de Septiembre de 1901, demanda de tercería de dominio, respecto de las porciones embargadas en la ejecución, para lo cual acompañó las primeras copias, debidamente inscritas, de las dos escrituras á que se refieren el primero y segundo Resultando, y después de exponer los antecedentes ya referidos, y de alegar como fundamentos de derecho los artículos 609, 1462, 1216 y 1218 del Código Civil, el artículo 44 de la Ley Hipotecaria, y los 1533, 1534 y 1535 de la Ley de Enjuiciamiento Civil, concluyó suplicando que se declarase con lugar la demanda de tercería, que los bienes embargados son de su propiedad y que en

to José Antonio Fernández y Pérez, who had it recorded in the Registry of Property on August 13, 1901. On March 9, 1897, Juan Antonio Rodriguez Velez signed a promissory note in favor of the mercantile firm of Marquez & Co., for the sum of six hundred and sixty-eight *pesos* and thirty-one *centavos*, payable December 30, 1897. Said note not having been satisfied on maturity executory proceedings were instituted against Rodriguez by Marquez & Co. who, on March 6, 1899, levied an attachment on two parcels of land, composed of ten and six *cuerdas* respectively, which formed part of the farm sold by Rodriguez to Gomez and by the latter to José Antonio Fernández y Pérez. Marquez & Company's attachment was entered in the Registry of Property on March 24, 1899, when the farm still stood on the record as belonging to their debtor Juan Antonio Rodriguez. On September 20, 1901, José Antonio Fernández filed a complaint in intervention based upon ownership of the property attached in the said foreclosure proceedings, together with first copies, duly recorded, of the two deeds hereinbefore mentioned, and after reciting the facts above stated, and citing as legal authority articles 609, 1462, 1216 and 1218 of the Civil Code, article 44 of the Mortgage Law, and articles 1533, 1534 and 1535 of the Law of Civil Procedure, prayed that the complaint in intervention be sustained, that the land attached be declared his property and that the attachment be accordingly dissolved, with costs against defendants. Marquez & Co. answered the said complaint in intervention, alleging that the notice of their attachment in the Registry was entered prior to the records of Gomez and Fernández, who had recorded the property with the encumbrance of the cautionary notice of attachment, and cited as legal authority article 71 of the Mortgage Law, according to which real property or property rights that are recorded may be conveyed or encumbered, but without prejudice to the right of the person in whose favor the entry of the cautionary notice was made, and that the latter

consecuencia se alcen los embargos, con imposición de todas las costas á los demandados.

*Resultando:* que la sociedad ejecutante Sres. Marquez & Ca., impugnó la tercería de dominio, alegando que la anotación de su embargo en el Registro es anterior á las inscripciones de Don Emilio Gomez y del tercerista Fernandez; que éstos inscribieron con la carga de la anotación, y como fundamento de derecho, se adujo que, según el artículo 71 de la Ley Hipotecaria, los bienes inmuebles ó derechos reales anotados pueden ser enagenados ó gravados, pero sin perjuicio del derecho de la persona á cuyo favor se haya hecho la anotación, y que ésta solo puede cancelarse por alguna de las causas que expresa el artículo 140 del Reglamento de la Ley Hipotecaria, y se terminó solicitando que se declare no haber lugar á alzar el embargo que pesa sobre la finca adquirida por Don José Antonio Fernández, por estar sujeta á las responsabilidades que constan de la anotación preventiva.

*Resultando:* que en 6 de Noviembre de 1900 se declaró rebelde al ejecutado Don Juan Rodriguez y Velez.

*Resultando:* que abierto el juicio á prueba y practicadas todas las que se propusieron, resulta de ellas todo lo que han reconocido las partes sobre la fecha del embargo, de su anotación anterior á las inscripciones á favor de Gomez y de Fernández, y sustanciado el pleito por todos los demás trámites, la Corte de Mayagüez dictó sentencia en 28 de Febrero del año próximo pasado, habiendo con lugar la demanda de tercería y declarando del dominio del tercerista Don José Antonio Fernández y Pérez las fincas rústicas de que se trata, y deja sin efecto el embargo trabado sobre las mismas por los Sres. Marquez & Ca., con imposición de las costas á los demandados.

*Resultando:* que los Sres. Marquez & Ca., interpusieron recurso de casación por infracción de ley, fundado en los números 1 y 7 del artículo 1690 de la Ley de Enjuiciamiento Civil, alegando como infringidos:

I.—Error de hecho que resulta de los documentos públicos y solemnes,

can be canceled only for the reasons mentioned in article 140 of the Regulations for the Execution of the Mortgage Law. He therefore prayed that the attachment levied on the property purchased by José Antonio Fernández be maintained, said property being subject to the liabilities mentioned in the cautionary notice thereof. On November 6, 1900, Juan Rodriguez y Velez, the defendant in the executory proceedings was declared in default. The stage of the proceedings for the introduction of evidence having been reached, and such as had been proposed having been heard, it appears therefrom that the date of the attachment and the annotation thereof prior to the entries in the Registry of Property, in favor of Gomez and Fernández, were acknowledged by the parties, and all the other proceedings in the case having been concluded on the 28th of February, 1902, the District Court of Mayagüez rendered judgment sustaining the complaint in intervention and declaring José Antonio Fernández to be the owner of the farms in question, the attachment levied on said property by Marquez & Co. being dissolved with costs. From this decision Marquez & Co. took an appeal in cassation for violation of law, based on paragraphs 1 and 7 of article 1690 of the Law of Civil Procedure, alleging:

I.—Error of fact which appears from the public documents on the reverse side of pages 9, 23 and 29, and pages 53 and 59 of the record, because the trial court should have admitted as proven that Marquez & Company's attachment had been entered prior to the purchase of the farms by the plaintiff in intervention, Fernandez, and that therefore when the latter acquired said property it was with the full knowledge of its being encumbered by the cautionary notice of attachment, which error of fact carries with it the error of law, and the violation of articles 1216 and 1218 of the Civil Code.

II.—Violation of the doctrine announced by this Supreme Court in its decision of December 30, 1899, and of the doctrine contained in the decisions of the Supreme Court of Madrid, rendered November 14, 1891, January 11, 1895, February 7 and June 4, 1896, since a thing which has been accepted without protest, or aquiesced in either expressly or by implication, cannot be assailed, and it should be borne in mind that Fernández acquired

obrantes á los folios 9, 23, 29 vto., 53 y 59 de autos, porque el Tribunal sentenciador debió admitir como probado que Marquez y Ca. anotaron su embargo con anterioridad á la compra que de las fincas hizo el tercerista Fernández, y por tanto, que al adquirir éste dichos inmuebles, lo hizo con perfecto conocimiento de que sobre ellos pesaba el gravámen de la anotación, y este error de hecho trae como consecuencia el de derecho, con infracción de los artículos 1216 y 1218 del Código Civil.

II.—Infracción de la doctrina sentada por este Tribunal Supremo en su sentencia de 30 de Diciembre de 1899 y de la de la contenida en las del de Madrid de 14 de Noviembre de 1891, 11 de Enero de 1895, 7 de Febrero y 4 de Junio de 1896, puesto que no cabe impugnar aquello que se aceptó sin protesta, ó que expresa ó tácitamente se consintió, y debe tenerse en cuenta que el tercerista Fernández adquirió cuando ya la anotación estaba tomada y por tanto con perfecto conocimiento de la misma, consintiéndola y aprobándola, así, tácitamente.

III.—Infracción de la doctrina concordante con la ya expuesta y que se ha sentado en la de 10 de Mayo de 1900, de este Tribunal, en la cual se sostiene que una de las cualidades de la ley es que sea justa, y no lo sería si consintiese que solo por cumplirse estrictamente sus preceptos, dejando de cumplir los que los más rudimentarios elementos de honradez imponen, se convirtiesen en hechos legítimos aquéllos que una conciencia honrada reprueba como inmorales, y por tanto, basándose la cualidad ¡de tercero en el desconocimiento de hechos en que no se haya intervenido, no es posible atribuirle tal caracter, ni acordarle sus consecuencias, al que se demuestra haber tenido perfecto conocimiento del acto ó contrato, que al presentarse como tercero supone no haber estado en su conocimiento.

IV.—Infracción del artículo 44 de la Ley Hipotecaria por cuanto el tercerista adquirió su supuesto derecho en fecha posterior á la del crédito en virtud del que se decretó la anotación preventiva de Marquez & Ca., y á la de la misma anotación.

Abogados de los recurrentes: *Sres. Díaz y Texidor.*

Abogado del demandante, recurrido, *Sr. Alvarez Nava.*

EL JUEZ ASOCIADO SR. FIGUERAS, después de exponer los hechos anteriores, emitió la siguiente opinión del Tribunal:

*Considerando:* que el Tribunal sentenciador no ha cometido el error de hecho y de derecho que se le atribuye en el primer motivo del recurso, puesto que dando el valor legal que tienen los documentos aludidos, reconoce la prioridad de la anotación con referencia á la inscripción de la compra y que ésta se realizó por el tercerista con conocimiento de la

possession when the cautionary notice had already been entered, and therefore with full knowledge thereof, and thus tacitly assented thereto.

III.—Violation of the doctrine in conformity with the one above set forth and announced in the opinion of this court delivered May 10, 1900, wherein it is held that one of the qualities required of the law is that it should be just, and such would not be the case were it to permit by strictly complying with provisions thereof which are contrary to the most rudimentary elements of honesty, that acts which an honest conscience reproves as inmoral should be regarded as legitimate acts, and inasmuch as in order to be regarded as a third person it is necessary that there should be ignorance on the part of such person as to acts in which he had no participation, said quality cannot be ascribed to a person who is shown to have had a full knowledge of the act and contract of which he pretends to be ignorant on filing his complaint in intervention.

IV.—Violation of article 44 of the Mortgage Law, because the third person acquired his supposed right on a date subsequent to the debt by virtue of which the cautionary notice of Marquez & Co. was decreed, and · even after said notice was entered.

*Messrs. Diaz* and *Texidor,* for appellants.

*Mr. Alvarez Nava,* for plaintiff and respondent.

The other respondent made no appearance.

MR. JUSTICE FIGUERAS, after making the above statement of the facts delivered the following opinion of the court:

The trial court did not commit the errors of fact and of law alleged in the first ground of the appeal, because in considering the legal value of the documents referred to, it recognizes the priority of the cautionary notice with respect to the record of the purchase, and the fact that the third person was aware of the encumbrance entered in the Registry of Property when he made the purchase. The doctrine referred to in the second and third grounds of the appeal as having been violated, is not applicable to the question at issue, for which reason no such violation as the one mentioned could have occurred in the judgment appealed from. As expressly provided by article 44 of the Mortgage Law and as repeatedly held by the Supreme Court of Spain in its judgment rendered on the 10th of May, 1886, and in other judgments, and by this court in

existencia del gravámen que constaba en el Registro de la Propiedad.

*Considerando:* que la doctrina á que alude y que se supone infringida en el segundo y tercer motivo, no es de aplicación á la cuestión que aquí se controvierte, y por tanto en ningún concepto ha podido ser infringida por la sentencia recurrida.

*Considerando:* que con arreglo á lo dispuesto terminantemente en el artículo 44 de la Ley Hipotecaria, y á lo declarado con repetición por el Tribunal Supremo de España, entre otras sentencias, en la de 12 de Mayo de 1886 y en la de este Tribunal de 1 de Noviembre de 1902, la anotación preventiva de un embargo, acordada por providencia judicial y dirigida únicamente á garantir las consecuencias del juicio, no crea, ni declara, derecho alguno, no altera tampoco la naturaleza de las obligaciones, ni puede convertir en real é hipotecaria la acción que carezca de este carácter, y no produce otros efectos que los de que el acreedor que la obtenga sea preferido, en cuanto á los bienes anotados solamente, á los que tengan contra el mismo deudor otro crédito contraído con posterioridad á dicha anotación; y por consiguiente, limitada á este efecto la anotación del embargo practicada á instancia de un acreedor, no puede lastimar el derecho de dominio que en las fincas, objeto de la demanda de tercería, adquiere un tercero, como es Don Emilio Gomez, años antes, por virtud de un contrato de compra-venta, y cuando aun no se había suscrito por el deudor, Don Juan Antonio Rodriguez y Velez, el pagaré á favor de Marquez & Ca., y si este beneficio aprovecha á Gomez, también debe aprovechar al tercerista Fernández, que á su vez, por igual título, adquirió las fincas en cuestión.

*Considerando:* que el Tribunal de Mayagüez, lejos de infringir el artículo 44 de la Ley Hipotecaria, como se afirma en el cuarto motivo, lo ha aplicado rectamente.

*Fallamos:* que debemos declarar y declaramos no haber lugar al recurso de casación por infracción de ley, interpuesto por la sociedad "Marquez & Ca.", á quien condena-

its judgment of November 1, 1902, a cautionary notice of an attachment authorized by a judicial order and intended only to guarantee the result of a suit, neither creates nor declares any right, nor does it alter the nature of obligations, nor can it convert into a real action or foreclosure suit, an action which is not of such nature, and has no effect other than to accord a preference to the creditor who has secured the attachment, only in so far as the property entered is concerned, over other creditors whose claims against the same debtor were contracted subsequently to the entry of such cautionary notice; and therefore, the cautionary notice of an attachment entered at the request of a creditor, cannot impair the right of ownership in the property, (object of the complaint in intervention) that had been acquired by a third person years before, as it had been by Emilio Gomez by virtue of a contract of purchase and sale before the promissory note in favor of Marquez & Co. had been signed by the debtor Juan Antonio Rodriguez y Velez, and if this advantage benefits Gomez, it should also benefit the third person, Fernández, who in turn, and by the same title, acquired the farms in question. Far from violating article 44 of the Mortgage Law, as averred in the fourth allegation, the Mayagüez Court has correctly applied it.

mos en las costas; y líbrese á la Corte de Mayagüez la certificación correspondiente, con devolución de los autos que ha remitido.

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados Hernández, Sulzbacher y MacLeary.